## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEX
## SHERMAN DIVISION

| | | |
|---|---|---|
| **STEVE PERRY** *et al.*, | § | |
| **Plaintiffs,** | § § § | |
| **v.** | § | **Civil Action No. 4:21-cv-838-ALM-KPJ** |
| **PEOPLE OF THE STATE OF TEXAS** *et al.*, | § § § | |
| **Defendants.** | § § § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter was referred to the undersigned pursuant to 28 U.S.C. § 636. *See* Dkt. 30. On September 15, 2021, Plaintiffs Steve Perry ("Mr. Perry"), Jose Salas, and Jorge Vasquez ("Mr. Vasquez") (together, "Plaintiffs"), proceeding *pro se*, filed an Amended Complaint (Dkt. 4), which identifies Texas Gamefowl Breeders Association ("TGBA") as an additional plaintiff in this action. *See* Dkt. 4. Plaintiffs allege that Mr. Perry is President of TGBA. *See id.* at 6.

"Parties may plead and conduct their own cases personally or by counsel." 28 U.S.C. § 1654.  However, while a natural person may proceed *pro se* in civil actions, artificial entities, such as corporations, partnerships, or associations, may appear in federal court only through licensed counsel. *See Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202 (1993) ("Save for a few aberrant cases, the lower courts have uniformly held that 28 U.S.C. § 1654 . . . does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney.") (citations omitted); *Sw. Exp. Co. v. Interstate Commerce Comm'n*, 670 F.2d 53, 55 (5th Cir. 1982) ("The contention that a corporation may enter an appearance in proper person or through its president has been consistently rejected when raised.").

While holding that artificial entities are barred from appearing in federal court with counsel, the Fifth Circuit also requires that a district court warn an artificial entity that it must retain counsel or formally order it to do so before striking the pleadings of an artificial entity attempting to proceed without an attorney. *See Memon v. Allied Domecq QSR*, 385 F.3d 871, 874 (5th Cir. 2004). On August 3, 2022, the Court ordered TGBA to retain counsel and have such counsel file an appearance in this matter within fourteen (14) days from the date any Plaintiff first received service of that order (Dkt. 57) (the "Order"). *See* Dkt. 57. The Court warned, "Any failure by the TGBA to comply with this Order will result in the dismissal of its claims without prejudice. If dismissal is satisfactory to the TGBA, no further action is necessary." *Id.* On August 12, 2022, Mr. Vasquez acknowledged receipt of the Order. *See* Dkt. 60. To date, there has been no indication that TGBA has retained counsel nor has any counsel for TGBA filed an appearance in this matter.

It is, therefore, recommended that TGBA's claims in this action be **DISMISSED WITHOUT PREJUDICE**.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.*; *see Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th

Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 23rd day of January, 2023.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE