# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| **STEVE PERRY** *et al.*, | § § § § § § § § § § § § | |
| **Plaintiffs,** | | |
| v. | | Civil Action No. 4:21-cv-838-ALM-KPJ |
| **PEOPLE OF THE STATE OF TEXAS** *et al.*, | | |
| **Defendants.** | | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiffs Steve Perry ("Mr. Perry"), Jose Salas ("Mr. Salas"), and Jorge Vasquez ("Mr. Vasquez," and, together with Mr. Perry and Mr. Salas, "Plaintiffs"), proceeding *pro se*, originally filed this lawsuit on June 18, 2021, in the Southern District of Texas. *See* Dkt. 1. Plaintiffs amended their complaint on September 15, 2021. *See* Dkt. 4. In their amended complaint, Plaintiffs asserted causes of action sounding in tort, criminal, and constitutional law against each of the thirty-two Defendants named in this action (collectively, "Defendants"). *See generally id*.

Plaintiffs alleged all Defendants violated the following criminal statutes under Title 18: 18 U.S.C. §§ 43 (force, violence, and threats involving animal enterprises), 241–42 (criminal conspiracy and deprivation of rights), 666 (theft or bribery concerning programs receiving federal funds), 667 (theft of livestock), 891 (definitions for chapter relating to extortionate credit transactions), 1001 (fraud and false statements), 1201 (kidnapping), 1341 (mail fraud), 1343 (wire fraud), 1346 (definition of "scheme or artifice to defraud"), 1621–23 (perjury), 1951–60 (racketeering), 1961–64 (racketeer influenced and corrupt organizations, hereinafter "RICO"), 2151 (definitions related to sabotage), 2153 (destruction of war material, war premises, or war

1

utilities), 2155 (destruction of national-defense materials, national-defense premises, or national-defense utilities), and 2311 (definitions of stolen property). *See id.* at 1–3. Plaintiffs also asserted criminal violations under 15 U.S.C. §§ l-7 (antitrust violations). *See id.* at 2.

Plaintiffs asserted Defendants violated the following civil statutes: 31 U.S.C. § 3729 (false claims); 42 U.S.C. §§ 1981, 1983, 1985 (civil action for deprivation of equal rights under the law and conspiracy to interfere with civil rights). *See id.* at 2–3. Plaintiffs asserted the following additional civil causes of action against Defendants: unjust enrichment, intentional infliction of emotional distress, defamation of character, legal malpractice, and "accounting." *See id.* Plaintiffs also asserted a cause of action under 28 U.S.C. § 1746 (unsworn declarations under penalty of perjury).

On November 3, 2021, this case was transferred to the Eastern District of Texas, *see* Dkts. 28–29, assigned to United States District Judge Amos L. Mazzant, III, and referred to the undersigned for all pretrial matters pursuant to 28 U.S.C. § 636, *see* Dkt. 30. To date, only some Defendants have appeared in this matter. GNM, NBC, the SPCA of Texas, Univision, and Messrs. Shell, Burke, Davis, and Munoz filed motions to dismiss Plaintiffs' amended complaint. *See* Dkt. 32 (GNM's Motion); Dkt. 36 (NBC's Motion); Dkt. 39 (the SPCA's Motion); Dkt. 52 (Univision's Motion).

On August 8, 2022, Plaintiffs' claims against the People of the State of Texas were dismissed with prejudice. *See* Dkt. 58. On August 9, 2022, the Court issued a Report and Recommendation, which found: (1) Plaintiffs' amended complaint insufficient under Federal Rule of Civil Procedure 8(a) because it did not contain a "short and plain statement" of each Plaintiff's entitlement to relief for each claim asserted; and (2) Plaintiffs' amended complaint insufficient to withstand dismissal under Federal Rule of Civil Procedure 12(b)(6) because Plaintiffs failed to

plead sufficient facts in support the elements of each cause of action asserted. *See* Dkt. 59 at 21–22. Additionally, the Court noted that some of Plaintiffs' claims, as pled in the amended complaint, appeared to be time-barred. *See id.* at 22–23. The Court recommended Plaintiffs' claims asserted under Title 18, except for Plaintiffs' RICO claims, and Plaintiffs' claims asserted under 28 U.S.C. § 1746 and 31 U.S.C. § 3729, be dismissed. *See id.* at 25. The Court further recommended Plaintiffs be granted leave to amend their complaint as to all other claims to comply with the pleading requirements of the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of Texas. *See id.*

On September 26, 2022, the Court dismissed Plaintiffs' claims asserted under Title 18, except for Plaintiffs' RICO claims, and Plaintiffs' claims asserted under 28 U.S.C. § 1746 and 31 U.S.C. §3729. *See* Dkt. 67. The Court further granted Plaintiffs leave to amend their complaint as to Plaintiffs' RICO claims and all other remaining claims, to comply with the pleading requirements set forth in the Report and Recommendation (Dkt. 59), within fourteen (14) days after receiving service of the Memorandum Adopting the Report and Recommendation (Dkt. 67). *See* Dkt. 67. Plaintiffs were further ordered to cure any defects in service as to Group Nine Media, Inc., the SPCA of Texas, and Arturo Munoz, and file returns of service as to each of the foregoing Defendants within fourteen (14) days after filing their amended complaint, if any. *See id.*

Plaintiffs were advised that "any failure to timely file an amended complaint may result in the dismissal of Plaintiffs' claims under Federal Rule of Civil Procedure 41(b)." Dkt. 59 at 25. On November 8, 2022, the Court granted Plaintiffs' motion for enlargement of time to file an amended complaint (Dkt. 71). *See* Dkt. 72 (the "Extension Order"). The Court ordered that Plaintiffs' deadline to file their amended complaint was fourteen (14) days from the date the Extension Order was received. *See id*. On November 21, 2022, Mr. Vasquez acknowledged receipt of the Extension

Order. *See* Dkt. 74. On November 28, 2022, Mr. Salas acknowledged receipt of the Extension Order. *See* Dkt. 75.[1] To date, Plaintiffs have not filed an amended complaint.

"A federal district court has both specific and inherent power to control its docket, and this includes the power to dismiss a case. . . ." *In re United Mkts. Int'l, Inc.*, 24 F.3d 650, 654 (5th Cir. 1994); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) ("Neither the permissive language of [Federal Rule of Civil Procedure 41(b)]—which merely authorizes a motion by the defendant—nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief."); FED. R. CIV. P. 41(b).

Approximately four months have passed since the Court ordered Plaintiffs to file an amended complaint. As Plaintiffs have not filed an amended complaint within fourteen days after receiving the Extension Order, Plaintiffs have failed to comply with a court order. Notably, Plaintiffs were specifically warned that if they failed to timely file an amended complaint, their remaining claims would be subject to dismissal.

It is, therefore, recommended that Plaintiffs' remaining claims against the remaining Defendants in this matter be **DISMISSED WITHOUT PREJUDICE** for want of prosecution.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

---

[1] The Extension Order sent to Mr. Perry was returned as undeliverable. *See* Dkt. 73. Mr. Perry's address is a post office box, which violates Eastern District of Texas Local Rule 11(d). *See* LOCAL RULE CV-11(d) ("A *pro se* litigant must provide the court with a physical address (i.e., a post office box is not acceptable) and is responsible for keeping the clerk advised in writing of his or her current physical address."). Mr. Perry informed the Court that he would forward a notice of change of address to the Court by October 13, 2022. *See* Dkt. 71. To date Mr. Perry has not done so.

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.*; *see Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 24th day of January, 2023.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE